**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

UNITED STATES OF AMERICA

VS.  4:11-CR-000170-BRW

BILLY JOE CHAMBERS

**ORDER**

Pending is Defendant's *Pro Se* Motion (Doc. No. 5) requesting termination of his supervised-release term. The Prosecution has responded, and Defendant has replied.[1] For the reasons set out below, the Motion is DENIED.

**I.  DISCUSSION**

In December 1992, a jury in the Eastern District of Michigan convicted Defendant of aiding and abetting distribution of cocaine and possessing with intent to distribute cocaine in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) (Count 4); income tax evasion in violation of 26 U.S.C. § 7201 (Count 11); and engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848 (Count 14).[2] Defendant was sentenced to 180 months' imprisonment with 5 years' supervised released for Count 4; 24 months' imprisonment with 3 years' supervised release for Count 11; and 325 months' imprisonment for Count 14. The Michigan court ordered Defendant's imprisonment and supervised-release terms to run concurrently.[3]

---

[1] Doc. Nos. 6, 7.

[2] Doc. No. 1.

[3] *Id.*

1

Defendant's supervised-release term began on December 27, 2011, and is scheduled to end on December 26, 2015.[4] On August 8, 2011, this Court accepted jurisdiction over Defendant's supervision under 18 U.S.C. § 3605.[5]

It is unclear whether Defendant is asking me to dismiss one of the supervised-release terms imposed by the district court in Michigan or terminate his supervised-release period early.

Defendant appears to contend that the Michigan court erred in imposing both a three-year and five-year term of supervised release.[6] He asserts that the three-year term is "controlling" and, therefore, the five-year term should be dismissed.

Defendant cites no authority in support of his contention, and I am unaware of any. Accordingly, Defendant is not entitled to dismissal of his five-year supervised-release term.

To the extent that Defendant is asking for early termination of his supervised-release term, his request is DENIED without prejudice due to his recent supervision issues.[4] However, if Defendant can avoid any further supervision issues for the next year, he may again request early termination of his supervised-release term.

IT IS SO ORDERED this 21st day of November, 2013.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[4]Doc. No. 2.

[5]Doc. No. 1.

[6]Doc. No. 5. I note that Defendant refers to the five-year supervised-release term as a "special parole period."

[4]*See* Doc. No. 6.